IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Donald Broussard | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. 3:13-cv-349 |
| | § | |
| ENI US Operating Co., Inc. | § | |
| | § | |
| Defendant | § | |

## JOINT PRETRIAL ORDER

**Appearance of Counsel**

**Counsel for Plaintiff**
Kurt B. Arnold
Texas State Bar No. 24036150
Federal ID: 36185
Caj D. Boatright
Texas Bar No. 24036237
Federal ID: 650354
ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800 – Telephone
(713) 222-3850 – Facsimile

**Counsel for Defendant**
Lansford O. Ireson, Jr.
State Bar No. 10412400
Federal ID # 9114
IRESON & WEIZEL, PLLC
9720 Cypresswood Drive, Suite 310
Houston, Texas 77070
(713) 228-1160 – Telephone
(713) 228-1161 – Facsimile

**Statement of the Case**

This is a maritime personal injury case. On or about June 29, 2013, Plaintiff was employed by Wood Group aboard Defendant's platform, the ENI EW 921A-Morpeth East. On that date, Plaintiff injured his lower back while moving a ball valve that he contends weighed over 120lbs. Plaintiff contends that he was instructed to move the ball valve by a supervisor employed by Defendant. Plaintiff has undergone three surgeries to his lower back as a result of the injury.

**Jurisdiction**

Plaintiff's claims against Defendant arise under The Outer Continental Shelf Lands Act. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. There is no dispute as to this Court's jurisdiction over the subject matter or the parties.

**Motions**

1.   Plaintiff's Motions in Limine.

**The Parties' Contentions**

Plaintiff's Contentions:

Plaintiff contends that Defendant was negligent for reasons including but not limited to the following: failing to train its employees; failing to inspect, maintain, and repair equipment; failing to maintain a safe work environment; failing to provide appropriate medical attention; and, failing to warn Plaintiff of dangers hidden aboard Defendant's vessel. Plaintiff contends this negligence caused an accident in which Plaintiff suffered physical injuries to his back. More specifically, Plaintiff contends that Defendant instructed him to move the ball valve with no help from an extra person or mechanism, despite the fact that the valve weighed over 120 lbs. Plaintiff intends to ask that the jury award him damages for: (1) past medical damages paid or incurred; (2) medical damages that in reasonable probability Plaintiff will incur in the future; (3) impairment sustained in the past; (4) impairment that in reasonable probability Plaintiff will sustain in the future; (5) disfigurement sustained in the past; (6) disfigurement that in reasonable probability Plaintiff will sustain in the future; (5) loss of earning capacity in

2

both the past and the future; (6) physical pain and suffering and mental anguish sustained by Plaintiff in the past and that in reasonable probability he will sustain in the future.

Plaintiff further contends he is entitled to punitive damages because Defendant's actions constituted gross negligence and were committed with flagrant and malicious disregard of Plaintiff's health and safety.

Defendants' Contentions:

Defendant contends that Plaintiff failed to follow safety procedures and policies. Plaintiff was negligent in failing to secure assistance in relocating the valve. Plaintiff's injury preexisted the incident. Plaintiff has suffered no lost future income has he is capable of employment at an income equal to or greater than he was making in the past.

**Admissions of Fact**

1. The incident made the basis of this suit occurred aboard the ENI EW 921A-Morpeth East on or about June 29, 2013.

2. Defendant owned the platform involved in the incident.

3. James Gulde was employed by Defendant at the time of the incident.

**Disputed Facts**

1. Whether Defendant was negligent or acted with reasonable care.

2. Whether Defendant's actions or inaction caused Plaintiff's injuries.

3. Whether Plaintiff was negligent or acted with reasonable care.

4. Whether Plaintiff's actions or inaction caused his injuries.

5. The nature and extent of Plaintiff's injuries.

6. Whether Plaintiff was a borrowed servant of the defendant.

**Agreed Applicable Propositions of Law**

1. Plaintiff's claims against Defendants arise under The Outer Continental Shelf Lands Act.

**Contested Issues of Law**

1. There are no contested issues of law.

**Exhibits**

1. Plaintiff is attaching two copies of his Exhibit List to this Pretrial Order and will make such exhibits available in accordance with the Court's procedures.

2. Defendant is attaching two copies of its Exhibit List to this Pretrial Order and will make such exhibits available in accordance with the Court's procedures.

**Witnesses**

Plaintiff's Witnesses

1. Donald Broussard – Plaintiff, will testify regarding issues of liability, contributory negligence, and damages.

2. Kirsten Broussard will provide testimony as to how this injury has affected Donald's life and the lives of his family members.

3. James Gulde – Supervisor employed by Defendant. Additionally, Mr. Gulde directed the work to be performed by Plaintiff and can provide testimony as to liability and damages.

4. Joey Regan – Lead operator employed by Defendant. Mr. Regan can provide testimony as to liability and damages.

5. Kevin Twidt – Wood Group's area manager. Mr. Twidt will provide testimony as to liability.

6. Dr. George Ray Williams – Plaintiff's treating orthopedic surgeon. Dr. Williams will provide testimony as to the treatment provided in conjunction with Plaintiff's orthopedic injuries related to the collision

      made the basis of this suit. Dr. Williams will also address the treatment that in reasonable probability will be incurred in the future related to orthopedic concerns.

7. Dr. Todd Cowen – Physical Medicine and Rehabilitation Doctor. Dr. Cowen is a board certified PM&R doctor as well as life care planner. Dr. Cowen will provide testimony as to Plaintiff's future medical care needs related to the injuries suffered by Plaintiff as a result of this accident.

8. Jeff Peterson – Vocational Rehabilitation Counselor. Mr. Peterson will provide testimony regarding Plaintiff's ability to return to work and what he can more likely than not earn given his geographical and physical limitations.

9. Jack T. Madeley, P.E., CSP – Consulting Engineer in Industrial, Safety, Industrial Safety, Product Safety and Human Factors Engineering. Mr. Madeley will provide testimony regarding his engineering analysis of Plaintiff's injuries he sustained as a result of the incident made the basis of this lawsuit.

10. Dr. Kenneth McCoin – Economist. Dr. McCoin will provide testimony regarding Plaintiff's lost earning capacity and total economic loss as a result of this incident.

Defendant's Witnesses

      Apart from those listed by the Plaintiff above, which Defendants reserve the right to call, the Defendants anticipated trial witnesses are experts and/or a physician which has seen the Plaintiff in his course of treatment.

**Settlement**

      The parties attended mediation with David Matthiesen on September 19, 2014. Mediation was unsuccessful.

**Trial**

      (a)    This case is set for jury trial on January 6, 2015;

      (b)    The parties estimate 4-5 days of evidence;

  (c)  The parties do not foresee any logistical problems at this time.

**Additional Required Attachments**

**For jury trials include:**

  (a)  Proposed Jury Instructions and Interrogatories.

- See attached Plaintiff's Proposed Jury Instructions and Interrogatories.

- Defendant objects to Plaintiff's Proposed Jury Instructions and Interrogatories in the following ways:

    - Defendant objects to definitions/instructions 2, 3, 12, 13, 14, 20, 21. In regard to the questions, plaintiff's negligence should be included in questions 1 and a division of responsibility in question 2.

  (b)  A pretrial brief.

- See attached Plaintiff's Pretrial Brief.

- See attached Defendant's Pretrial Brief.

  (c)  Motions in Limine.

- See attached Plaintiff's Motion in Limine.

  (d)  Proposed questions for the Voir Dire Questions.

- See attached Plaintiff's Proposed Voir Dire questions.

- See attached Defendant's Proposed Voir Dire questions.

  (e)  Witness Lists.

- See attached Plaintiff's Witness List.

  (f)  Expert Witness Qualifications.

- See attached Plaintiff's Expert Witness Qualifications.

(g)  Exhibit Lists.

- See attached Plaintiff's Exhibit List.

- See attached Defendant's Exhibit List.

Date: __12/23/14__      _____
                        DAVID HITTNER
                        UNITED STATES DISTRICT JUDGE

APPROVED:

ARNOLD & ITKIN


By: __/s/ Kurt B. Arnold_____
     Kurt B. Arnold
     Texas State Bar No. 24036150
     Federal ID: 36185
     Caj D. Boatright
     Texas Bar No. 24036237
     Federal ID: 650354
     6009 Memorial Drive
     Houston, Texas 77007
     (713) 222-3800 – Telephone
     (713) 222-3850 – Facsimile

**ATTORNEYS FOR PLAINTIFF**
**DONALD BROUSSARD**

IRESON & WEIZEL, PLLC


By: __/s/ Lansford O. Ireson, Jr._____
     Lansford O. Ireson, Jr.
     State Bar No. 10412400
     Federal ID # 9114
     lireson@iwlegal.com
     9720 Cypresswood Drive, Suite 310
     Houston, Texas 77070
     (713) 228-1160 – Telephone
     (713) 228-1161 – Facsimile

**ATTORNEY FOR DEFENDANT**
**ENI US OPERATING CO., INC.**