IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Donald Broussard | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. 3:13-cv-349 |
| | § | |
| ENI US Operating Co., Inc. | § | |
| | § | |
| Defendant | § | |

## **CHARGE OF THE COURT**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

1

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

You must answer all questions from a preponderance of the evidence. The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations. [1]

---

[1] Each paragraph above, except for the preponderance of the evidence definition, was derived from Fifth Circuit Pattern Jury Instructions 3.1.

3

PROPOSED PATTERN JURY INSTRUCTIONS

Plaintiff respectfully requests the following pattern jury instructions be given to the jury panel by the Court at the time they are charged with deciding the case:
Fifth Circuit PJI Numbers:

1.1
1.2
2.4
2.7
2.11
2.13
2.18
3.1
3.2
3.3
3.4
3.5
15.1
15.2
15.3
15.6
15.7

PROPOSED SPECIAL JURY INSTRUCTIONS

    Plaintiff respectfully requests the following special jury instructions be given to the jury panel by the Court at the time they are charged with deciding the case:

NEGLIGENCE

1. The Louisiana Civil Code provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." It further provides that "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." La. Civil Code articles 2315, 2316; *Veals v. Nautical Adventures, LLC*, 354 Fed.Appx. 843, 845 (5th Cir. 2009); *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 975 (5th Cir. 1991)

2. There is an almost universal duty on the part of the defendant in a negligence action to use reasonable care to avoid injury to another. *Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065, 1086

3. Generally, there is an almost universal legal duty on the part of persons to conform to the standard of conduct of a reasonable person in like circumstances. *Ramey v. DeCaire*, 2003-1299 (La. 3/19/04), 869 So.2d 114, 119

4. Under Louisiana law, the duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability. Under that analysis, a plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, that the defendant owed a duty to the plaintiff which the defendant breached and that the risk of harm was within the scope of protection afforded by the duty breached. *Fontenot v. Patterson Ins.*, 09-0669 (La. 10/20/09), 23 So.3d 259, 267; *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008)

5. Generally, the initial determination in the duty/risk analysis is cause-in-fact. Cause-in-fact usually is a "but for" inquiry, which tests whether the accident would or would not have happened but for the defendant's substandard conduct. Where there are concurrent causes of an accident, the proper inquiry is whether the conduct in question was a substantial factor in bringing about the accident. To satisfy the substantial factor test, the plaintiff must prove by a preponderance of the evidence that the defendant's conduct was a substantial factor bringing about the complained of harm. *Perkins v. Entergy Corp.*, 00-1372 (La. 3/23/01), 782 So.2d 606, 611-12

6. There can be more than one cause of a particular injury. *Saden v. Kirby*, 94-0854 (La. 9/5/95), 660 So.2d 423, 428

7. In considering a defendant's duty to a particular person, consideration should be given to the person's age, maturity, experience, familiarity with the premises and its

dangers, and other such factors which might increase or decrease the risk of harm to that person. G*eorge v. Nabors Offshore Corp*., 464 Fed.Appx. 298, 301 (5th Cir. 2012)

8. The plaintiff must also that the defendants were negligent; that is, that the defendants have breached their duty with respect to the plaintiffs. This element demands two determinations: (1) Should the defendants, as ordinarily prudent persons under all the circumstances of their conduct, have reasonably foreseen some injury to the plaintiffs of the same general character as the injury they incurred? (2) Did defendants fail to exercise reasonable care to avoid the injury? *Nelson v. Washington Parish*, 805 F.2d 1236, 1239 (5th Cir. 1986); *Bursztajn v. U.S*., 367 F.3d 485, 489-90 (5th Cir. 2004)

9. In determining apportionment of fault among the parties, you should consider the conduct of each party at fault and the extent of the causal relation between the conduct and the damages. The factors to be considered include (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste without proper thought. *Watson v. State Farm Fire & Cas. Ins. Co*., 469 So.2d 967, 974 (La.1985)

10. In order to hold an employee negligent, the reasonableness of his conduct must be assessed vis a vis the conduct of his employer, using the following criteria: (1) relative knowledge of the danger by the supervising employee and the injured employee; (2) relative control over the employee's situation; (3) the degree to which the employee's conduct is voluntary; (4) alternatives available to the employee; (5) obviousness of the danger; and (6) relative ability to eliminate the danger. *Fontenot v. Dual Drilling Co*., 179 F.3d 969, 978 (5th Cir. 1999)

11. Masters and employers are answerable for the damage occasioned by their servants in the exercise of the functions in which they are employed. Under this article, vicarious liability is imposed upon the employer without regard to his own negligence or fault; it is a consequence of the employment relationship. La. Civil Code article 2320; *Sampay v. Morton Salt Co*., 395 So.2d 326, 328 (La.1991); *Buford v. Williams*, 11-568 (La.App. 5 Cir. 2/14/12), 88 So.3d 540, 547

12. Two essential elements must be established before liability of employer attaches for conduct of employee, namely, that master-servant or employer-employee relationship existed between employee tort-feasor and employer, and tortious act of servant or employee was committed within scope and during course of his employment by employer sought to be held liable. In determining whether an employment relationship exists, the most important element to be considered is the right of control and supervision over an individual. Factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages and the

power of control and dismissal. *Parmer v. Suse*, 94-2200 (La.App. 1 Cir. 6/23/95), 657 So.2d 666, 668, *writ denied*, 95-1853 (La. 11/3/95), 662 So.2d 10

13. Under Louisiana law, a principal may be held liable for an agent's negligence if there is a master-servant relationship. The indicia of such a relationship are the right of the principal to control the agent's time and physical activities and the existence of a close relationship between the parties. *Arceneaux v. Texaco, Inc.*, 623 F.2d 924, 926 (5th Cir. 1980)

DAMAGES

14. In Louisiana, delictual actions are governed by La. C.C. art. 2315, which states that "[e]very act of man that causes damage to another obliges him by whose fault it happened to repair it." Thus, under La. C.C. art. 2315, a tortfeasor must compensate a tort victim for all of the damages occasioned by his act. *McGee v. A C And S, Inc.*, 05-1036 (La. 7/10/06), 933 So.2d 770, 773

15. Compensatory damages are divided into the broad categories of special damages and general damages. Special damages are those which have a "ready market value," such that the amount of the damages theoretically may be determined with relative certainty, including medical expenses and lost wages. *McGee v. A C And S, Inc.*, 05-1036 (La. 7/10/06), 933 So.2d 770, 774; *French v. Allstate Indem. Co.*, 637 F.3d 571, 584 n.11 (5th Cir. 2011

16. General damages are those which may not be fixed with pecuniary exactitude; instead, they involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms. *Dickerson v. Lexington Ins. Co.,* 556 F.3d 290, 304 (5th Cir. 2009); *Duncan v. Kansas City Southern. R.R.*, 00–0066 (La.10/30/00), 773 So.2d 670, 682

17. Pain and suffering, both physical and mental, refers to the pain, discomfort, inconvenience, anguish, and emotional trauma that accompanies an injury. *McGee v. A C And S, Inc.*, 05–1036 (La.7/10/06), 933 So.2d 770, 774; *Willis v. Noble Drilling (US), Inc.*, 11-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 845

18. The factors to be considered in assessing damages for pain and suffering are severity and duration. *Willis v. Noble Drilling (US), Inc.*, 11-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 845

19. Disability damages are recognized as those general damages constituting any permanent disability or impairment that is secondary to the injuries sustained in the accident. Disability is defined as the inability to perform some function, or alternatively, an objectively measurable condition of impairment, physical or mental. Impairment is simply defined as the fact or state of being damaged, weakened or

    diminished.  *Willis v. Noble Drilling (US), Inc*., 11-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 845

20. Loss of enjoyment of life refers to the detrimental alterations of a person's life or lifestyle or a person's inability to participate in the activities or pleasures of life that were formerly enjoyed prior to the injury. Whether a plaintiff experiences a detrimental lifestyle change depends on both the nature and severity of the injury and the lifestyle of the plaintiff prior to the injury.  *McGee v. A C And S, Inc*., 05–1036 (La.7/10/06), 933 So.2d 770, 775; *Willis v. Noble Drilling (US), Inc*., 11-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 845

21. Loss of enjoyment of life is conceptually distinct from other components of general damages, including pain and suffering. *Farmer v. Patrician SLP, L.L.C*., 43,601 (La.App. 2 Cir. 10/1/08), 997 So.2d 578, 583

22. A tortfeasor takes his victim as he finds him and when a defendant's tortious conduct aggravates a pre-existing condition, the defendant must compensate the victim for the full extent of the aggravation.  *Guillory v. Lee*, 2009-0075 (La. 6/26/09), 16 So.3d 1104, 1124; *Dahlen v. Gulf Crews, Inc*. 281 F.3d 487, 495 (5th Cir. 2002)

IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Donald Broussard | § | |
| | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. 3:13-cv-349 |
| | § | |
| ENI US Operating Co., Inc. | § | |
| | § | |
|     Defendant | § | |

## **INTERROGATORIES**

**Plaintiff's Proposed Question 1:**

Do you find from a preponderance of the evidence that Defendant ENI US Operating Co., Inc. was negligent in causing the accident in which Plaintiff was involved on or about *June 29, 2013*.

Answer "Yes" or "No"   _____

Answer Question 2 if you have answered "Yes" to either Question 1. Otherwise do not answer Question 4.

**Plaintiff's Proposed Questions 2:**

Was the negligence of Defendant ENI US Operating Co., Inc. a cause in fact of the injuries sustained by plaintiff?

Answer "Yes" or "No"   _____

Answer Question 3 if you have answered "Yes" to Question 2. Otherwise do not answer Question 3.

**Plaintiff's Proposed Question 3:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Donald Broussard for his injuries, if any, that resulted from the occurrence or injury in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Donald Broussard.

a. Medical care expenses incurred in the past.

   Answer: _____

b. Medical care expenses that, in reasonable probability, Donald Broussard, will incur in the future.

   Answer: _____

c. Loss of earning capacity sustained in the past.

   Answer: _____

d. Loss of earning capacity that, in reasonable probability, Donald Broussard, will sustain in the future.

   Answer: _____

    e.  Physical pain and mental anguish sustained in the past.

        Answer: _____

    f.  Physical pain and mental anguish that, in reasonable probability, Donald Broussard, will sustain in the future.

        Answer: _____

    g.  Physical impairment sustained in the past.

        Answer: _____

    h.  Physical impairment that, in reasonable probability, Donald Broussard, will sustain in the future.

        Answer: _____

    i.  Physical disfigurement sustained in the past.

        Answer: _____

    j.  Physical disfigurement that, in reasonable probability, Donald Broussard, will sustain in the future.

        Answer: _____

        Respectfully Submitted,

        ARNOLD & ITKIN LLP

        */s/ Kurt B. Arnold*
        _____
        Kurt B. Arnold
        Attorney-In-Charge
        SBN: 24036150
        SDTX: 36185
        karnold@arnolditkin.com
        ARNOLD & ITKIN LLP
        6009 Memorial Drive
        Houston, Texas 77007
        Tel: 713.222.3800
        Fax: 713.222.3850

        **\*For electronic service use:**
        **e-service@arnolditkin.com**

        **ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

Caj D. Boatright
SBN: 24036237
SDTX: 650384
cboatright@arnolditkin.com

## CERTIFICATE OF SERVICE

     I hereby certify that on December 22, 2014, I electronically filed the foregoing pleading with the Clerk of Court, using the CM/ECF system which will send notification of such filing to all counsel of record.

        *Kurt B. Arnold*
        _____
        Kurt B. Arnold