IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Donald Broussard | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. 3:13-cv-349 |
| | § | |
| ENI US Operating Co., Inc. | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S PRETRIAL BRIEF**

In accordance with the Court's Local Rules and Procedures, Plaintiff submits the instant Pretrial Brief in regard to the above numbered caused.

**I.**

**Background**

On or about June 29, 2013, Plaintiff Donald Broussard ("Broussard") was an operator employed by Wood Group PSN, Inc. ("Wood Group") and assigned to work on offshore facilities owned by Arena Energy. However, Defendant ENI US Operating Co., Inc. ("ENI") had a shortage of operators on its EW-921 A-Morpeth East platform. Broussard's Wood Group supervisor sent him on a temporary "fill-in" hitch on ENI's platform on the Outer Continental Shelf of Louisiana.

Broussard showed up for his short assignment on the EW-921 with his own tools that he used on the platform on a daily basis. He had been trained solely by Wood Group. He was paid a salary and benefits solely from Wood Group. His initial orientation on the platform was performed by a Wood Group medic. When he had questions about operating the platform, he relied primarily on a fellow Wood Group employee on the platform with

1

him. Every single document produced in this case identifies Broussard as a Wood Group employee. Even the Master Services Agreement between ENI and Wood Group unequivocally prohibits Broussard from being considered a borrowed servant of ENI.

When Broussard was on the ninth day of his temporary "fill-in" hitch (June 29, 2013), A supervisor employed by ENI, James Gulde, ordered Broussard to move a 129-pound ball valve. Gulde admitted during his deposition that given the weight of the ball valve, moving it should have been a two-man job, or one that required mechanical assistance. It was while he was carrying this 129-pound ball valve that Broussard severely injured his lower back. Broussard herniated a disk as a result of the incident and has already undergone three surgeries at the L5-S1 level.

Broussard has continued to actively treat for these injuries and, as ordered by his treating physicians, has not returned to full-time employment since the incident. Consequently, Broussard filed suit against Defendant for negligence and gross negligence.

## II.

## Memorandum of Law

Jurisdiction of this cause arises under The Outer Continental Shelf Lands Act pursuant to 28 U.S.C. § 1331. OCSLA includes a congressionally mandated choice of law provision requiring that the law of the adjacent state is to apply even in the presence of a contractual choice of law provision to the contrary. *Union Texas Petroleum Corp. v. PLT Engineering, Inc.,* 895 F. 2d 1043, 1050 (5th Cir. 1990). OCSLA adopts the law of the state adjacent to the platform as surrogate federal law. *Snyder Oil Co. v. Samedan Oil Co.*, 208 F.3d 521, 523 (5th Cir. 2000).

Courts have addressed the issue of an oil/gas platform located offshore for purposes

of supplementing federal law, finding that Texas negligence law could supplement where not inconsistent with federal law because the oil platforms at issue were adjacent to the state of Texas. *See Petri v. Kestrel Oil & Gas Properties, L.P.*, 878 F. Supp. 2d 744 (S.D. Tex. 2012); see also *Arsement v. Spinnaker Exploration Co., LLC*, 400 F.3d 238, 241-45 (5th Cir. 2005) (applying Texas negligence law to OCLSA action where accident occurred on offshore drilling platform adjacent to Texas). Courts have also applied Louisiana law when the adjacent state for the offshore Platform is Louisiana. *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), *disapproved of on other grounds by Harper v. Virginia Dept. of Taxation*, 509 U.S. 86 (1993).

Considering the EW-921 A-Morpeth East platform where the incident occurred is located off the shores of Louisiana, the law of Louisiana must be used to supplement federal law in this matter. Consequently, Broussard has submitted portions of the joint charge based on Louisiana negligence standards.

The Louisiana Civil Code provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." It further provides that "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."[1] Negligence is defined as conduct which falls below the standard of care established by law for the protection of others against an unreasonable risk of harm.[2]

Broussard seeks the following categories of damages consistent with Louisiana law:

---

[1] La. Civil Code articles 2315, 2316; *Veals v. Nautical Adventures, LLC*, 354 Fed.Appx. 843, 845 (5th Cir. 2009); *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 975 (5th Cir. 1991).

[2] *Detraz v. Lee,* 05-1263 (La. 1/17/07), 950 So.2d 557, 562; *Dobson v. Louisiana Power and Light Company*, 567 So.2d 569, 574 (La.1990).

(1) past medical damages; (2) future medical damages; (3) past loss of earning capacity; (4) future loss of earning capacity; (5) past physical pain and suffering and mental anguish; (6) future physical pain and suffering and mental anguish; (7) past impairment; (8) future impairment; (9) past disfigurement; (10) future disfigurement; and (11) exemplary damages.

        Respectfully Submitted,

        ARNOLD & ITKIN LLP

        */s/ Kurt B. Arnold*
        _____
        Kurt B. Arnold
        Attorney-In-Charge
        SBN: 24036150
        SDTX: 36185
        karnold@arnolditkin.com
        ARNOLD & ITKIN LLP
        6009 Memorial Drive
        Houston, Texas 77007
        Tel: 713.222.3800
        Fax: 713.222.3850

        **\*For electronic service use:**
        e-service@arnolditkin.com

        **ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

Caj D. Boatright
SBN: 24036237
SDTX: 650384
cboatright@arnolditkin.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2014, I electronically filed the foregoing pleading with the Clerk of Court, using the CM/ECF system which will send notification of such filing to all counsel of record.

      */s/ Kurt B. Arnold*
      _____
      Kurt B. Arnold