IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Donald Broussard | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. 3:13-cv-349 |
| | § | |
| ENI US Operating Co., Inc. | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff Donald Broussard moves the Court to order, before voir dire, that (1) Defendant's attorneys, and through them, any and all witnesses called for Defendant, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion; and (2) Defendant's attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned thereon.  Plaintiff asks the Court to order that, if Defendant's attorneys intend to offer evidence of the matters in this Motion, they must first obtain a favorable ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected in this civil action.

In support of this Motion, Plaintiff shows as follows:

### A.

The matters in this motion are inadmissible for any purpose on proper and timely objection because they are not relevant to the issue in this case or the rights of the parties. The matters in this Motion will not have any tendency to make the existence of any material fact more probable or less probable than it would be without the evidence.  *See* Fed. R. Evid.

401 and 402.  Permitting interrogation of the witnesses, comments to the jurors, or offers of evidence on the matters in this Motion is substantially outweighed by the harm to Plaintiff. Instead, it would draw the jury's attention to the prejudicial impact.  *See* Fed. R. Evid. 101 & 103(c).  If Defendant injects the matters in this Motion into this trial through a party, and attorney or a witness, Defendant will cause irreparable harm to Plaintiff, which no jury instruction would cure.  If any of the matters in this Motion are brought to the attention of the jury, directly or indirectly, Plaintiff would be forced to move for a mistrial.   To avoid prejudice and a possible mistrial, Plaintiff asks the Court to grant his Motion in Limine.

### B.

The following matters are the subject of this Motion in Limine:

1)    The parties' settlement negotiations or Plaintiff's offers of settlement.   Offers to compromise and statements made in comprise negotiations are inadmissible.  *See* Fed. R. Evid. 408.  The probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury,  *See* Fed. R. Evid. 408.

_____          _____          _____          _____
Agreed                          Granted                       Modified                        Denied

2)    References to persons or the purported testimony of persons who have not been properly and timely disclosed in Defendant's responses to Plaintiff's written discovery and in Defendant's Rule 26 disclosures. *See* Fed. R. Civ. P. 37; Fed. R. Evid 802 and 804.

_____          _____          _____          _____
Agreed                          Granted                       Modified                        Denied

3)    References or attempting to introduce documents or tangible things or the contents of documents or tangible things that have not been properly and timely produced or made available to Plaintiff in Defendant's Rule 26 disclosures or in Defendant's responses to Plaintiff's written discovery.   *See* Fed. R. Civ. P. 37.

_____    _____    _____    _____
Agreed              Granted             Modified              Denied

4)      References to experts or the purported testimony of any expert who has not been
        identified or whose status as an expert has not been disclosed to Plaintiff.  *See* Fed. R.
        Civ. P. 37; *Alldread v. City of Grenada*, 988 F.2d. 1425, 1435-36 (5th Cir. 1993).

_____    _____    _____    _____
Agreed              Granted             Modified              Denied

5)      Expert-witness opinions that have not been disclosed to Plaintiff or are otherwise out
        the scope of the expert's written opinion produced during pretrial discovery.  *See* Fed.
        R. Civ. P. 37; *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993);
        *Thudium v. Allied Products Corp.* 36 F.3d 797, 769-70 (8th Cir. 1994)

_____    _____    _____    _____
Agreed              Granted             Modified              Denied

6)      References or questioning that suggest or implies that Plaintiff or his expert
        witnesses, relatives, agents, employees, attorneys, or representatives have been
        accused of, or have been found guilty of, any crimes or criminal conduct.  *See* Fed.
        R. Evid. 402, 403, 404, 608, and 609. *U.S. v. Carter*, 528 F.2d 844, 846-47 (8th Cir.
        1975).

_____    _____    _____    _____
Agreed              Granted             Modified              Denied

7)      The Defendant not make reference to, mention, elicit, testimony, or present evidence
        of any personal habits, character traits, and any crimes, arrests, convictions, wrongs or
        acts of Plaintiff, any witness called by Plaintiff, or Plaintiff's family members,
        including, but not limited to, smoking, fighting, drinking alcoholic beverages,
        womanizing, prior marriages, abortions, illegitimate children, traffic violations, illegal
        drug use, drug and/or alcohol rehabilitation programs, criminal acts, criminal charges,
        criminal convictions, and swearing.  There is no evidence or allegation that those
        habits, character traits, crimes, wrongs, or acts, if any, contributed in any way to the
        occurrence made the basis of this suit or are relevant to the determination of any issue
        in this suit.   Furthermore, the probative value of those matters is substantially
        outweighed by the danger of unfair prejudice, confusion of the issues, and misleading
        the jury.  This type of evidence would only be offered for the impermissible purpose
        of portraying Plaintiff, his witnesses, or Plaintiff's family members as bad persons.
        *See* Fed. R. Evid. 404, 608(b), and 609(a).

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Agreed | Granted | Modified | Denied |

8)      That Defendant be prohibited from making any reference to, mentioning, eliciting testimony, or offering any evidence relating to Plaintiff or any of Plaintiff's witnesses prior marriages or past romantic relationships.  Such matters are not relevant and would be offered only for the impermissible purpose of portraying Plaintiff or Plaintiff's witnesses as a bad person.  Fed. R. Evid. 402, 403, 404, 406, and 609.

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Agreed | Granted | Modified | Denied |

9)      Any reference to the fact that Plaintiff receives any benefits from any other collateral source.

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Agreed | Granted | Modified | Denied |

10)      References, questioning or argument that suggest or implies that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives have failed to report income to the Internal Revenue Service or any other agency responsible for the assessment and collection of taxes or have not filed state or federal income tax returns in the past. *See* Fed. R. Evid. 402, 403, and 404.

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Agreed | Granted | Modified | Denied |

11)      References to or questioning about what effect the verdict or judgment in this lawsuit will or could have on insurance rates, premiums or charges.  *See* Fed. R. Evid.  402 and 403.

| _____ | _____ | _____ | _____ |
|---|---|---|---|
| Agreed | Granted | Modified | Denied |

12)      The Defendant  not make reference to, mention, elicit, testimony, or present evidence of any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made by or on behalf of Plaintiff.  There is no evidence or allegation that those claims, if any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue

in this suit.   Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  This type of evidence would only be offered for the impermissible purpose of portraying Plaintiff as a bad person.  *See* Fed. R. Evid. 404, 608(b), and 609(a).

_____        _____        _____        _____
Agreed                        Granted                        Modified                        Denied


13)    References or arguments implying or suggesting to the jury that Defendant's conduct must be the sole proximate cause of Plaintiff's damages or injuries in order for Defendant to be liable or for Plaintiff to recover damages.  This argument would be a misstatement of the law and only calculated to falsely and incorrectly mislead the jury.

_____        _____        _____        _____
Agreed                        Granted                        Modified                        Denied


14)    That Defendant be prohibited from claiming or stating that the nation's court systems are overloaded due to cases such as this or similar cases or references or statements like "there are too many lawsuits" or "too much litigation."  References of this nature are irrelevant and prejudicial.  These matters are generally inadmissible, irrelevant and prejudicial to Plaintiff's right to a fair and impartial trial.  If relevant and/or admissible, the probation value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.  Fed. R. Evid.  401, 402, and 403.

_____        _____        _____        _____
Agreed                        Granted                        Modified                        Denied


15)    That if the Defendant  feel any area which is covered by this Motion in Limine or any areas which by their nature are not admissible under the Rules of Evidence or Rules of Civil Procedure such as privileged communications, collateral source, prior settlement offer, etc. or that if the Defendant  feel "a door has been opened," that they must, before saying or presenting or exhibiting anything in the jury's presence regarding same, that they approach the bench and make inquiry side bar without the jury being able to hear same in a voice designed so that the jury will not hear same. This particular limine subpart is to be followed regardless of the time of the trial, including arguments.

_____        _____        _____        _____
Agreed                        Granted                        Modified                        Denied

16)   That Defendant be prohibited from making any reference to the jury that anyone can "pay some money and make up a lawsuit against another without any legal basis" trying to imply that this lawsuit is "frivolous" or "without merit."   Proper remedies and procedures of summary judgments, counter claims, dismissal for failing to state a claim upon which relief can be granted, etc. were all available to the Defendants. Fed. R. Evid. 402 and 403.

_____        _____         _____          _____
Agreed                     Granted                       Modified                        Denied

17)   Any suggestion that Plaintiff could have participated in additional medical care or physical therapy by getting his lawyers or a third party case to pay for it.

_____        _____         _____          _____
Agreed                     Granted                       Modified                        Denied

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Court to order, before voir dire, that (1) Defendant's attorneys and, through them, any and all witnesses called for Defendant, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion, without first obtaining a favorable ruling from the Court outside the presence and hearing of all jurors or prospective jurors; and (2) Defendant's attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned thereon.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold
Attorney-In-Charge
SBN: 24036150
SDTX: 36185
karnold@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850

**\*For electronic service use:**
**e-service@arnolditkin.com**

**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

Caj D. Boatright
SBN: 24036237
SDTX: 650384
cboatright@arnolditkin.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2014, I electronically filed the foregoing pleading with the Clerk of Court, using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold