IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONALD BROUSSARD | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:13-cv-349 |
| | § | |
| | § | |
| ENI US OPERATING CO., INC. | § | |
| | § | |
| Defendant | § | |

### DEFENDANT ENI US OPERATING CO., INC.'S
### PRE-TRIAL BRIEF

Plaintiff was injured while working on an offshore production platform located on the Outer Continental Shelf in the Gulf of Mexico. Plaintiff alleges he injured his back after receiving instructions from Defendant to relocate valves on Defendant's platform. Plaintiff asserts negligence and gross negligence causes of action.

The Outer Continental Shelf Lands Act, 43 U.S.C. $$ 1331-1356 provides that compensation for injuries occurring on the Outer Continental Shelf is governed by the Longshore and Harbor Workers Compensation Act.

Section 5(a) of the Longshore and Harbor Workers Compensation Act (LHWCA) 33 U.S.C. § 905 provides that an employer's liability for workers compensation benefits to an employee is exclusive and in place of all other liability of such employer to employee. *Gaudet v. Exxon Corp.*, 562 F.2d 351, 356 (5th Cir 1977). *See also Owen v. Chevron U.S.A Inc.*, 8 F.3d 20, 25 (5th Cir. 1993).

When a general employer transfers its employee to another person, the latter is the employee's borrowing employer for purposes of the LHWCA, and thus has the benefit of the Act's tort immunity. *Langfitt v. Federal Marine Terminals, Inc.* 647 F.3d 1116 (11th Cir. 2011). The basic question is in determining whether an employee is a borrowed servant of another is whether the employee was doing the work of and under the control of the borrowing principal. *Gaudet, 562 F.2d at 356.*

The Fifth Circuit adopted the "borrowed servant" doctrine to give borrowing employers a shield from tort liability to their borrowed servants under LHWCA, beginning in 1969. *Ruiz v. Shell Oil Co.*, 413 F.2d 301 (5th Cir 1969). See also *Melancon v. Chevron U.S.A., Inc.* 986 F.2d 1418 (5th Cir 1993).

*Ruiz* established nine factors to be considered in determining whether a general employee of one had become the borrowed servant of another. The nine factors are as follows:

1. <u>Who has control over the employee and the work he is performing, beyond the mere suggestion of details and cooperation?</u> In the Fifth Circuit, "the question of who has control over the employee and the work he is performing, has [often] been considered the central issue of 'borrowed employee' status." *Melancon v. Amoco Production Co.*, 834 F.2d 1238, 1244-1245 (5th Cir. 1988).

2. <u>Whose work is being performed?</u>

3. <u>Was there an agreement, understanding, or meeting of the minds between the original and borrowing employer?</u> This factor focuses on whether the lending employer and the borrowing employer have agreed to allow the employee to work for someone other than his regular, nominal employer. *Melancon v. Chevron U.S.A., Inc.* 986 F.2d 1418 (5th Cir 1993). The existence of a service agreement that includes independent

contractor language is of no consequence and the argument has been previously rejected by the Fifth Circuit. *Alexander v. Chevron*, 806 F.2d 526, 528 (5th Cir. 1986). Where there is no specific contractual prohibition against the application of the doctrine, the mere existence of independent contractor language does not preclude a finding of borrowed servant status. *Melancon, 834 F.2d at 1245*. However, even in the face of contractual language precluding borrowed servant status, the Fifth Circuit has held on numerous occasions that when all other factors weigh in favor of the application of the doctrine, summary judgment is nevertheless appropriate. *See e.g. Gaudet v. Exxon*, 562 F.2d 351, 358 (5th Cir. 1977), *cert. denied* 436 U.S. 913, 98 S.Ct. 2253, 56 L.Ed. 2d 414 (1978); *Alexander v. Chevron, U.S.A.*, 806 F.2d 526, 529 (5th Cir. 1986); and *Billizon v. Conoco*, 993 F.2d 104, 106 (5th Cir. 1993). These decisions are grounded in the principle that actual, on-the-job behavior of the parties carrying out a contract, can impliedly modify, alter, or waive express contract provisions. *Melancon*, 834 at 1245.

4. <u>Did the employee acquiesce in the new work situation?</u> This factor focuses on whether the employee was aware of his work conditions and chose to continue working in them. *Brown, 984 F 2d at 678*.

5. <u>Did the original employer terminate his relationship with the employee?</u> This factor does not require the original employer to sever completely its relationship with the employee, since such a requirement would effectively eliminate the borrowed-servant doctrine. *Melancon, 834 F.2d at 1246*. The focus is on the employer's relationship with the employee while the borrowing occurs. *Id.* Infrequent contact with the original employer and adherence to the borrowing employer's orders is sufficient evidence. *Melancon v. Chevron U.S.A* 986 F.2d 1418, 1423 (5th Cir 1997).

6. <u>Who furnished the tools and place for performance?</u> Even if the employee or its employer provides some of the tools, a mixture satisfies the tis requirement for borrowed servant status. *Melancon, 834 F. 2d at 1246.*

7. <u>Was the new employment over a considerable length of time?</u> The 5th Circuit has not established specific time periods for evaluating this factor. *Owen, 8 F.3d at 28.* An injury occurring on the first day of work with the borrowed servant employer does not necessarily preclude a finding of borrowed-servant status. *Capps v. N.L. Baroid-NL Indus. Inc.*, 784 F.2d 615, 618 (5th Cir).

8. <u>Who had the right to discharge the employee?</u> The proper focus when considering this factor is the borrowing employer's right to terminate the employee from his association with the borrowing employer. *Capps, 784 F.2d at 618.* Borrowed servant status has been found where the employer had the right to end its association with the employee, even though it could not discharge him from employment with the original employer. *Billizon, 993 F.2d at 105.*

9. <u>Who had the obligation to pay the employee?</u>

The *Ruiz* factors are to be weighed as appropriate in each particular case. No single factor or any combination thereof is decisive, with the central question being who had the power to control and direct another person in the performance of his work. *Gaudet, 562 F.2d at 356.* The issue of whether a relationship of borrowed servant exists is a matter of law. *Gaudet, 562 F.2d at 357. See also Brown v. Union Oil Co. of Cal.*, 984 F.2d 674, 677 (5th Cir. 1993)

Respectfully submitted,

**IRESON & WEIZEL, PLLC**

/s/ *Lansford O. Ireson, Jr.*
Lansford O. Ireson, Jr., *Attorney In Charge*
Texas Bar No. 10412400
Federal I.D. No. 9114
lireson@iwlegal.com
9720 Cypresswood Drive, Suite 310
Houston, Texas  77070
Telephone No. (713) 228-1160
Facsimile No. (713) 228-1161

**ATTORNEY FOR DEFENDANT
ENI US OPERATING CO., INC.**

CERTIFICATE OF SERVICE

I hereby certify that on December ____, 2014, a true and correct copy of the foregoing instrument was forwarded via facsimile, electronic delivery pursuant to local rules, hand delivery, and/or U.S. Mail to the following counsel and/or parties of record:

Kurt B. Arnold
M. Paul Skranbanek
Arnold & Itkin, LLP
1401 McKinney Street
Suite 2550
Houston, Texas 77010
(713) 222-3850 (Facsimile)
   *Counsel for Plaintiff*

*Lansford O. Ireson, Jr.*